**IN THE UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF WEST VIRGINIA**
**HUNTINGTON**

**UNITED STATES OF AMERICA**

**v.** **CRIMINAL NO. 3:23-cr-00005**

**DAVID K. SMITH**
**WESTERN RIVER ASSETS, LLC, and**
**RIVER MARINE ENTERPRISES, LLC**

**RESPONSE OF THE UNITED STATES OF AMERICA TO DEFENDANT'S STANDARD DISCOVERY REQUESTS, AND THE REQUEST OF THE UNITED STATES FOR RECIPROCAL DISCOVERY,**

Pursuant to Rule 16 of the Federal Rules of Criminal Procedure, Rule 16.1(a) of the Local Rules of Criminal Procedure, and the Arraignment Order and Standard Discovery Request entered by the Court in this case on September 28, 2022, the United States of America, by counsel, herewith responds to each of defendant's Standard Discovery Requests as follows:

**Request A: Disclose to defendant the substance of any relevant oral statement made by defendant, whether before or after arrest, in response to interrogation by a person the defendant knew was a government agent if the government intends to use the statement at trial. [Fed. R. Crim. P. 16(a)(1)(A)]**

**Response:** Not applicable.

**Request B: Disclose to defendant and make available for inspection, copying or photographing, all of the following:**

**(i) Any relevant written or recorded statement by the defendant if the statement is within the government's possession, custody, or control; and the attorney for the government knows--**

**or through due diligence could know--that the statement exists. [Fed. R. Crim. P. 16(a)(1)(B)(i)]**

**Response:** Deposition of David Smith, December 19, 2019, provided in a civil lawsuit, *Safe Harbors Pollution Insurance, et al. v. River Marine Enterprises, et al.*, 18-cv-5942, SDNY.

**(ii) The portion of any written record containing the substance of any relevant oral statement made before or after arrest if the defendant made the statement in response to interrogation by a person the defendant knew was a government agent. [Fed. R. Crim. P. 16(a)(1)(B)(ii)]**

**Response:** Not applicable.

**(iii) The defendant's recorded testimony before a grand jury relating to the charged offense. [Fed. R. Crim. P. 16(a)(1)(B)(iii)]**

**Response:** Not applicable.

**Request C: Where the defendant is an organization, e.g., a corporation, partnership, association or labor union, disclose to the defendant any statement described in Fed. R. Crim. P. 16(a)(1)(A) and (B), if the government contends that the person making the statement (i) was legally able to bind the defendant regarding the subject of the statement because of that person's position as the defendant's director, officer, employee, or agent; or (ii) was personally involved in the alleged conduct constituting the offense and was legally capable to bind the defendant regarding that conduct because of that person's position as the defendant's director, officer, employee, or agent. [Fed. R. Crim. P. 16(a)(1)(C)]**

**Response:** See Response to B(i). Statements made by David Smith during the deposition are legally binding upon Western River Assets, LLC and River Marine Enterprises, LLC.

**Request D: Furnish the defendant with a copy of defendant's prior criminal record that is within the government's possession, custody, or control if the attorney for the government knows--or through due diligence could know--that the record exists. [Fed. R. Crim. P. 16(a)(1)(D)]**

**Response:** The United States has not identified any prior criminal record.

**Request E: Permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, building or places, or copies or portions of any of those items, if the item is within the government's possession, custody or control, and (i) the item is material to preparing the defense; (ii) the government intends to use the item in its case-in-chief at trial; or (iii) the item was obtained from or belongs to defendant. [Fed. R. Crim. P. 16(a)(1)(E)]**

**Response:** There is no objection to this request. Enclosed please find 4442 pages of discovery the United States may use in its case-in-chief. Also included within this discovery response is a "BATES INDEX" to facilitate references to relevant sections and to assist defendants and their counsel with the processing of this voluminous discovery response. Certain records contained in this response are business records and the United States will be introducing these records pursuant to Federal R. Evid. 902(11) and (13) through designees from the United States Coast Guard, West Virginia Department of Environmental Protection, and other governmental and business entities. The United States will identify the exact documents to be introduced prior to the jury trial, as well as identify the precise document custodian(s) who

will authenticate the documents pursuant to Fed. R. Evid. 902(11) and (13). Also, some of the records are public records that will be specifically introduced and designated as such pursuant to Fed. R. Evid. 902(a)(1), including Public Notice LRL-2012-5-6 (Sept 19, 2012) which documents that the U.S. Army Corps of Engineers has determined the Big Sandy River to be a navigable-in-fact water of the United States for 26.83 miles from its confluence with the Ohio River.

**Request F: Permit the defendant to inspect and to copy or photograph the results or reports of any physical or mental examination and of any scientific tests or experiment if (i) the item is within the government's possession, custody, or control; (ii) the attorney for the government knows--or through due diligence could know--that the item exists; and (iii) the item is material to preparing the defense or the government intends to use the item in its case-in-chief at trial. [Fed. R. Crim. P. 16(a)(1)(F)]**

**Response:** There is no objection to this request.

**Request G: Give to the defendant a written summary of any testimony the government intends to use under Rules 702, 703 or 705 of the Federal Rules of Evidence during its case-in-chief at trial. If the government requests discovery under Federal Rules of Criminal Procedure 16(b)(1)(C)(ii) and the defendant complies, the government must, at the defendant's request, give to the defendant a written summary of testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial on the issue of the defendant's mental condition. The summary must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications. [Fed. R. Crim. P. 16(a)(1)(G)]**

**Response:** The United States will be introducing expert testimony in this case. Specifically, the United States may introduce a witness(es) to testify on the condition of the M/V Gate City, standards of care for vessels regarding inspection and maintenance, and factors that resulted in the sinking of the vessel. The United States will supplement this response with the specific opinions, CVs and related information from the proposed expert witness(es).

**Request H: Disclose to defendant all evidence favorable to defendant, including impeachment evidence, and allow defendant to inspect, copy or photograph such evidence.**

**Response:** See response to E. Included in the documents provided are various reports from marine surveyors and other engineering professionals who have provided varied opinions on the condition of the M/V Gate City and issues related to the sinking of the vessel.

**Request I: Notify defendant of all evidence the government intends to introduce pursuant to Rule 404(b) of the Federal Rules of Evidence.**

**Response:** Defendant(s) owned or operated other vessels which sank in the Big Sandy River prior to the sinking of the M/V Gate City. The M/V Trojan sank in the Big Sandy River at mile marker 7 on January 29, 2010. The M/V Traveler and M/V Journey also sank in the Big Sandy River at mile marker 7 on December 7, 2014. The

United States gives notice that this evidence is 404(b) evidence, specifically "absence of mistake," "lack of accident," and/or and "notice." The sinking of the prior vessels was due, in part, to their condition and this condition satisfies the Fed. R. Evid. 404(b) test to show an absence of mistake, lack of accident in a similar negligent pattern of misconduct in the upkeep of the vessels, and notice of the poor condition of the other vessels that sunk. *See United States v. Queen*, 132 F.3d 991, 995 (4th Cir. 1997); *United States v. Bell,* 901 F.3d 455, 464-66. (4th Cir. 2018).

**Request J: Disclose to defendant all reports of government "mail cover," insofar as the same affects the government's case against the defendant or any alleged aiders and abettors or co-conspirators.**

**Response:** Not applicable.

**Request K: Disclose to defendant any matter as to which the government will seek judicial notice.**

**Response:** The United States will seek judicial notice that the M/V Gate City was moored in waters under the jurisdiction of the State of West Virginia in January 2018, and that said location is within the Southern District of West Virginia. The United States will also seek judicial notice that the U.S. Army Corps of Engineers has determined the Big Sandy River to be a navigable-in-fact water of the United States for 26.83 miles from its

confluence with the Ohio River, as documented in Public Notice LRL-2012-5-6 (Sept 19, 2012).

**Request L: Disclose to defendant and make available for inspection, copying or photographing, the results of any interception of a wire, oral or electronic communication in the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence could become known, to the attorney for the government, which contains any relevant statement made by the defendant or which is material to the preparation of the defendant's defense or which is intended for use by the government as evidence in its case-in-chief at the trial. For each such interception, disclose (1) any application for an order authorizing the interception of a wire or oral communication; (2) any affidavits filed in support thereof; and (3) any court order authorizing such interception.**

**Response:** Not applicable.

**Request M: Provide notice to defendant of the government's intention to use evidence pursuant to Rule 12(b)(4)(B) of the Federal Rules of Criminal Procedure.**

**Response:** The United States reserves the right to use all information and evidence disclosed herein or made available for inspection and copying pursuant to this Response and such information and evidence which may be discovered and finally provided to defendant.

Any discovery provided that is not mandated by Court order, the Federal Rules of Criminal Procedure, federal statute or federal case law, is provided voluntarily as a matter of discretion solely to expedite and facilitate litigation of this case.

REQUEST OF THE UNITED STATES FOR RECIPROCAL DISCOVERY

Pursuant to Rules 16.1(b) and 16.1(d) of the Local Rules of Criminal Procedure, the United States of America requests that defendant provide all applicable reciprocal discovery within 14 days of the service of this response and the provision of materials requested by defendant in the Standard Discovery Request.

Respectfully submitted,

WILLIAM S. THOMPSON
United States Attorney

By:

/s/ ERIK S. GOES
Erik S. Goes
Assistant United States Attorney
WV Bar No. 6893
300 Virginia Street, East
Room 4000
Charleston, WV 25301
Telephone: 304-345-2200
Fax: 304-347-5104
Email: erik.goes@usdoj.gov

## CERTIFICATE OF SERVICE

It is hereby certified that the foregoing "RESPONSE OF THE UNITED STATES OF AMERICA TO DEFENDANT'S STANDARD DISCOVERY REQUESTS, AND THE REQUEST OF THE UNITED STATES FOR RECIPROCAL DISCOVERY," has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing this 7th day of February, 2023 to:

S. Benjamin Bryant
Carey Douglas Kessler & Ruby PLLC
707 Virginia Street East
901 Chase Tower
Charleston, WV 25301

/s/ERIK S. GOES
Erik S. Goes
Assistant United States Attorney
WV Bar No.6893
300 Virginia Street, East
Room 4000
Charleston, WV 25301
Telephone: 304-345-2200
Fax: 304-347-5104
Email:erik.goes@usdoj.gov