**United States Department of Justice**

United States Attorney
Southern District of West Virginia

Robert C. Byrd United States Courthouse
300 Virginia Street, East
Suite 4000
Charleston, WV 25301

FILED
OCT 18 2023
RORY L. PERRY II, CLERK
U.S. District Court
Southern District of West Virginia

1-800-659-8726
304-345-2200
FAX: 304-347-5104

September 28, 2023

S. Benjamin Bryant, Esquire
Carey Douglas Kessler & Ruby PLLC
707 Virginia Street East
901 Chase Tower
Charleston, WV 25301

      Re:  United States v. River Marine Enterprises, LLC
           Criminal No. 3:23-cr-00005 (USDC SDWV)

Dear Mr. Bryant:

    This will confirm our conversations with regard to your client, River Marine Enterprises, LLC. As a result of these conversations, it is agreed by and between the United States and River Marine Enterprises, LLC, as follows:

    1.  **PENDING CHARGES.** River Marine Enterprises, LLC, is charged in a two-count Information as follows:

    (a)  Count One charges River Marine Enterprises, LLC, with a violation of 33 U.S.C. §§ 1321(b)(3) and 1319(c)(1)(A) (Negligent Discharge of Oil in a Harmful Quantity); and

    (b)  Count Two charges River Marine Enterprises, LLC, with a violation of 33 U.S.C. §§ 407 and 411 (Discharge of Refuse into Navigable Waters).

    2.  **RESOLUTION OF CHARGES.** River Marine Enterprises, LLC, will plead guilty to Count Two of said Information, which charges River Marine Enterprises, LLC, with a violation of 33 U.S.C. §§ 407 and 411 (Discharge of Refuse into Navigable Waters). Following final disposition, the United States will move the Court to dismiss Count One in Criminal No. 3:23-cr-00005 as to River Marine

_____ Defendant's Initials

S. Benjamin Bryant, Esquire
September 28, 2023                Re: River Marine Enterprises, LLC
Page 2

Enterprises, LLC.

    3.    **MAXIMUM POTENTIAL PENALTY.**  The maximum penalty to which River Marine Enterprises, LLC, will be exposed by virtue of this guilty plea is as follows:

    (a)    A fine of up to $25,000 per day of violation. Alternatively, and pursuant to 18 U.S.C. § 3571, a fine of $200,000, or twice the gross pecuniary gain or twice the gross pecuniary loss resulting from defendant's conduct, whichever is greater;

    (b)    A term of probation of 5 years;

    (c)    A mandatory special assessment of $125 pursuant to 18 U.S.C. § 3013; and

    (d)    An order of restitution pursuant to 18 U.S.C. §§ 3663 and 3664, or as otherwise set forth in this plea agreement.

    4.    **SPECIAL ASSESSMENT.**  Prior to the entry of a plea pursuant to this plea agreement, River Marine Enterprises, LLC, will tender a check or money order to the Clerk of the United States District Court for $125, which check or money order shall indicate on its face the name of defendant and the case number. The sum received by the Clerk will be applied toward the special assessment imposed by the Court at sentencing. River Marine Enterprises, LLC, will obtain a receipt of payment from the Clerk and will tender a copy of such receipt to the United States, to be filed with the Court as an attachment to this plea agreement. If River Marine Enterprises, LLC, fails to provide proof of payment of the special assessment prior to or at the plea proceeding, the United States will have the right to void this plea agreement. In the event this plea agreement becomes void after payment of the special assessment, such sum shall be promptly returned to River Marine Enterprises, LLC.

_____<br>Defendant's<br>Initials

S. Benjamin Bryant, Esquire
September 28, 2023                    Re: River Marine Enterprises, LLC
Page 3

5. **PAYMENT OF MONETARY PENALTIES.** River Marine Enterprises, LLC, authorizes the Financial Litigation Program in the United States Attorney's Office to obtain a credit report from any major credit reporting agency prior to sentencing in order to assess River Marine Enterprises, LLC's, financial condition for sentencing purposes. River Marine Enterprises, LLC, agrees not to object to the District Court ordering all monetary penalties (including the special assessment, fine, court costs, and any restitution that does not exceed the amount set forth in this plea agreement) to be due and payable in full immediately and subject to immediate enforcement by the United States. So long as the monetary penalties are ordered to be due and payable in full immediately, River Marine Enterprises, LLC, further agrees not to object to the District Court imposing any schedule of payments as merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

River Marine Enterprises, LLC, authorizes the United States, through the Financial Litigation Program, to submit any unpaid criminal monetary penalty to the United States Treasury for offset in accordance with the Treasury Offset Program, regardless of the defendant's payment status or history at that time.

In addition to any payment ordered by the Court, River Marine Enterprises, LLC, shall pay all monies received from any source other than earned income, including but not limited to, lottery winnings, gambling proceeds, judgments, inheritances, and tax refunds, toward the court ordered restitution or fine.

River Marine Enterprises, LLC, agrees that if it retains counsel or has appointed counsel in response to the United States' efforts to collect any monetary penalty, it shall immediately notify the United States Attorney's Office, Attention: Financial Litigation Program, 300 Virginia Street E., Suite 4000, Charleston, West Virginia 25301, in writing and shall instruct its attorney to notify FLP immediately of its representation.

_____
Defendant's Initials

S. Benjamin Bryant, Esquire
September 28, 2023              Re: River Marine Enterprises, LLC
Page 4

    6.    **COOPERATION.** River Marine Enterprises, LLC, will be forthright and truthful with this office and other law enforcement agencies with regard to all inquiries made pursuant to this agreement, and will give signed, sworn statements and grand jury and trial testimony upon request of the United States. In complying with this provision, River Marine Enterprises, LLC, may have counsel present except when appearing before a grand jury.

    7.    **USE IMMUNITY.** Unless this agreement becomes void due to a violation of any of its terms by River Marine Enterprises, LLC, and except as expressly provided for in paragraph 9 below, nothing contained in any statement or testimony provided by it pursuant to this agreement, or any evidence developed therefrom, will be used against it, directly or indirectly, in any further criminal prosecutions or in determining the applicable guideline range under the Federal Sentencing Guidelines.

    8.    **LIMITATIONS ON IMMUNITY.** Nothing contained in this agreement restricts the use of information obtained by the United States from an independent, legitimate source, separate and apart from any information and testimony provided pursuant to this agreement, in determining the applicable guideline range or in prosecuting River Marine Enterprises, LLC, for any violations of federal or state laws. The United States reserves the right to prosecute River Marine Enterprises, LLC, for perjury or false statement if such a situation should occur pursuant to this agreement.

    9.    **STIPULATION OF FACTS AND WAIVER OF FED. R. EVID. 410.** The United States and River Marine Enterprises, LLC, stipulate and agree that the facts comprising the offense of conviction and relevant conduct include the facts outlined in the "Stipulation of Facts," a copy of which is attached hereto as "Plea Agreement Exhibit A."

    River Marine Enterprises, LLC, agrees that if it withdraws from this agreement, or this agreement is voided as a result of a breach of its terms by River Marine Enterprises, LLC, and River

_____<br>Defendant's<br>Initials

S. Benjamin Bryant, Esquire
September 28, 2023                Re: River Marine Enterprises, LLC
Page 5

Marine Enterprises, LLC, is subsequently tried for its conduct alleged in the information and other relevant conduct, as more specifically described in the Stipulation of Facts, the United States may use and introduce the Stipulation of Facts in the United States case-in-chief, in cross-examination of River Marine Enterprises, LLC, or of any of its witnesses, or in rebuttal of any testimony introduced by River Marine Enterprises, LLC, or on its behalf. River Marine Enterprises, LLC, knowingly and voluntarily waives, see United States v. Mezzanatto, 513 U.S. 196 (1995), any right he has pursuant to Fed. R. Evid. 410 that would prohibit such use of the Stipulation of Facts. If the Court does not accept the plea agreement through no fault of the defendant, or the Court declares the agreement void due to a breach of its terms by the United States, the Stipulation of Facts cannot be used by the United States.

The United States and River Marine Enterprises, LLC, understand and acknowledge that the Court is not bound by the Stipulation of Facts and that if some or all of the Stipulation of Facts is not accepted by the Court, the parties will not have the right to withdraw from the plea agreement.

10. **AGREEMENT ON SENTENCING GUIDELINES.** Based on the foregoing Stipulation of Facts, the United States and River Marine Enterprises, LLC, agree that the following provisions of the United States Sentencing Guidelines apply to this case.

USSG §2Q1.3

Base offense level                                                    6

Specific offense Characteristics:

USSG §2Q1.3(b)(1)(B)

Offense involved a discharge or release
of a pollutant                                                     + 4

_____
Defendant's Initials

S. Benjamin Bryant, Esquire
September 28, 2023                    Re: River Marine Enterprises, LLC
Page 6

<u>USSG §2Q1.3(b)(3)</u>

Offense resulted in the disruption
of a public utility...                                          + 4

<u>USSG §2Q1.2(b)(4)</u>

Discharge without a permit                                      + 4

Adjusted offense level                                          18

The United States and River Marine Enterprises, LLC, acknowledge and understand that the specific offense characteristics in §2Q1.3 are based upon knowing conduct, and that in cases involving negligent conduct, a downward departure may be warranted. USSG §2Q1.3, comment. (n.3). The United States and River Marine Enterprises, LLC, acknowledge and understand that the specific charge to which River Marine Enterprises, LLC, has agreed to plead guilty is a strict liability statute and the guilty plea does not equate to an admission of either knowing or negligent conduct.

The Application Notes to §2Q1.3 state that a downward departure of up to two levels may be appropriate for the following specific offense characteristics: §2Q1.3(b)(1)(B), comment. (n.4), (actual discharge); §2Q1.3(b)(3), comment. (n.6) (disruption of a public utility); §2Q1.3 (b)(4), comment. (n.7) (no permit).

The United States and River Marine Enterprises, LLC, acknowledge and understand that the Court and the Probation Office are not bound by the parties' calculation of the United States Sentencing Guidelines set forth above and that the parties shall not have the right to withdraw from the plea agreement due to a disagreement with the Court's calculation of the appropriate guideline range.

_____
Defendant's Initials

S. Benjamin Bryant, Esquire
September 28, 2023            Re: River Marine Enterprises, LLC
Page 7

The parties further agree that the provisions of Chapter 8 of the U.S. Sentencing Guidelines pertaining to the calculations of fines for specific violations (§§8C2.2 – 2.9) do not apply to organizations convicted of environmental crimes. USSG §§8A1.1 Application Note 2, 8C2.1, 8C2.10. Fines for environmental crimes are to be calculated pursuant to the general statutory provisions governing sentences in 18 U.S.C. §§ 3553 and 3572. USSG §8C2.10. The rest of Chapter 8 concerning remedying harm, restitution, remedial orders, community service, payments of fines, and implementing organizational probation are applicable to environmental crimes.

11. **WAIVER OF APPEAL AND COLLATERAL ATTACK.** River Marine Enterprises, LLC, knowingly and voluntarily waives its right to seek appellate review of its conviction and of any sentence of imprisonment, fine, or term of supervised release imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever including any ground set forth in 18 U.S.C. § 3742(a), except that the defendant may appeal any sentence that exceeds the maximum penalty prescribed by statute. River Marine Enterprises, LLC, also knowingly and voluntarily waives any right to seek appellate review of any claim or argument that (1) the statutes of conviction, 33 U.S.C. §§ 407 and 411, are unconstitutional, and (2) River Marine Enterprises, LLC's conduct set forth in the Stipulation of Facts (Plea Agreement Exhibit A) does not fall within the scope of 33 U.S.C. §§ 407 and 411.

The United States also agrees to waive its right to appeal any sentence of imprisonment, fine, or term of supervised release imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever, including any ground set forth in 18 U.S.C. § 3742(b).

River Marine Enterprises, LLC, also knowingly and voluntarily waives the right to challenge its guilty plea and conviction resulting from this plea agreement, and any sentence imposed for the conviction, in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255.

_____
Defendant's Initials

S. Benjamin Bryant, Esquire
September 28, 2023                Re: River Marine Enterprises, LLC
Page 8

The waivers noted above shall not apply to a post-conviction collateral attack or direct appeal based on a claim of ineffective assistance of counsel.

These waivers do not apply to any court order of restitution.

12. **WAIVER OF FOIA AND PRIVACY RIGHT.** River Marine Enterprises, LLC, knowingly and voluntarily waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without any limitation any records that may be sought under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, following final disposition.

13. **FINAL DISPOSITION.** The matter of sentencing is within the sole discretion of the Court. The United States has made no representations or promises as to a specific sentence. The United States reserves the right to:

(a) Inform the Probation Office and the Court of all relevant facts and conduct;

(b) Present evidence and argument relevant to the factors enumerated in 18 U.S.C. § 3553(a);

(c) Respond to questions raised by the Court;

(d) Correct inaccuracies or inadequacies in the presentence report;

(e) Respond to statements made to the Court by or on behalf of River Marine Enterprises, LLC;

(f) Advise the Court concerning the nature and extent of River Marine Enterprises, LLC's, cooperation; and

_____
Defendant's Initials

S. Benjamin Bryant, Esquire
September 28, 2023          Re: River Marine Enterprises, LLC
Page 9

    (g) Address the Court regarding the issue of River Marine Enterprises, LLC's, acceptance of responsibility.

14. **VOIDING OF AGREEMENT.** If either the United States or River Marine Enterprises, LLC, violates the terms of this agreement, the other party will have the right to void this agreement. If the Court refuses to accept this agreement, it shall be void.

15. **ENTIRETY OF AGREEMENT.** This written agreement constitutes the entire agreement between the United States and River Marine Enterprises, LLC, in this matter. There are no agreements, understandings or recommendations as to any other pending or future charges against River Marine Enterprises, LLC, in any Court other than the United States District Court for the Southern District of West Virginia.

Acknowledged and agreed to on behalf of the United States:

WILLIAM S. THOMPSON
United States Attorney

By: *[signature]*

ERIK S. GOES
Assistant United States Attorney

*[signature]*

PERRY D. MCDANIEL
Special Assistant United States Attorney

ESG/lab

*[signature]* Defendant's Initials

S. Benjamin Bryant, Esquire
September 28, 2023          Re: River Marine Enterprises, LLC
Page 10

I hereby acknowledge by my initials at the bottom of each of the foregoing pages and by my signature on the last page of this ten-page agreement that I have read and carefully discussed every part of it with my attorney, that I understand the terms of this agreement, and that I voluntarily agree to those terms and conditions set forth in the agreement. I further acknowledge that my attorney has advised me of my rights, possible defenses, the Sentencing Guideline provisions, and the consequences of entering into this agreement, that no promises or inducements have been made to me other than those in this agreement, and that no one has threatened me or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_____     __10-3-2023_____
David K. Smith for River Marine     Date Signed
Enterprises, LLC
Defendant


_____     __Oct. 10, 2023_____
S. Benjamin Bryant, Esquire         Date Signed
Counsel for Defendant


                                             _DKS_____
                                             Defendant's
                                             Initials

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA**

**v.**                                              CRIMINAL NO. <u>3:23-cr-00005</u>

**RIVER MARINE ENTERPRISES, LLC**

<u>**STIPULATION OF FACTS**</u>

The United States and David K. Smith (hereinafter "I"), on behalf of River Marine Enterprises, LLC, stipulate and agree that the facts comprising the offense of conviction and the relevant conduct for that offense, include the following:

I do not dispute that the United States could prove the following facts:

1. I was the owner and sole member of Western River Assets, LLC, (WRA) and River Marine Enterprises, LLC (RME). WRA and RME were registered limited liability companies in the Commonwealth of Kentucky. From at least 2010 through 2018, I was the sole owner and officer of WRA and RME. As such, I was responsible for the operations of both companies.

2. WRA owned a towboat named the M/V Gate City, and moored the towboat along the West Virginia shore of the Big Sandy River from at least 2010 until January 2018. The M/V Gate City was operated by RME from at least 2010 until January 2018.

3. The Big Sandy River was a navigable water of the United States at the location where the M/V Gate City was moored along the West Virginia shore.

4. On or about November 2017, the United States Coast Guard inspected the M/V Gate City and, on or about December 5, 2017, issued an Administrative Order to me which said in part that the Coast Guard determined the M/V Gate City presented an "imminent and substantial threat to the public health or welfare or the environment because of a threatened discharge of oil from the

**PLEA AGREEMENT EXHIBIT A**

vessel." The Order required me to remove all oil and hazardous substances from the M/V Gate City prior to January 31, 2018.

5. The M/V Gate City sank at its mooring along the West Virginia shore of the Big Sandy River on or about January 10, 2018. At the time of the sinking of the M/V Gate City, I had yet to comply with the December 5, 2017, order from the Coast Guard. After December 7, 2017, and before January 10, 2018, RME contacted a qualified contractor to remove oil from the MV/Gate City. Due to site conditions prior to January 10, 2018, the contractor was not able to safely access the MV/Gate City to remove the oil.

6. The sinking of the M/V Gate City discharged oil and other substances into the Big Sandy River. The oil left a sheen on the Big Sandy River and oily deposits on the bottom of the river.

7. As a direct result of the sinking of the M/V Gate City and the resultant oil spill, the City of Kenova, West Virginia, closed its municipal drinking water intake. The drinking water intake, located in the Big Sandy River downstream from the M/V Gate City, was closed for three days.

8. As a direct result of the sinking of the M/V Gate City, various regulatory agencies and entities took actions and expended money and other resources to respond to the spill of oil and other substances.

_____  10-3, 2023
DAVID K. SMITH for River Marine    Date
Enterprises, LLC
Defendant

_____  Oct. 10, 2023
S. BENJAMIN BRYANT                 Date
Counsel for Defendant

_____  10/17/23
ERIK S. GOES                       Date
Assistant United States Attorney

_____  10-17-2023
PERRY D. MCDANIEL                  Date
Special Assistant United States Attorney

PLEA AGREEMENT EXHIBIT A
2